IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| THANH TAN NGUYEN, | * | |
| Plaintiff, | * | |
| v. | * | Case No. 13-cv-800-AW |
| PATRICK R. DONAHOE, *Postmaster General, USPS,* | * | |
| Defendant. | * | |

*******************************************************************************

## MEMORANDUM OPINION

Pro se Plaintiff Thanh Tan Nguyen filed this suit against Defendant Patrick R. Donahoe, Postmaster General of the United States Postal Service, alleging discrimination based on race and age and retaliation in violation of Title VII of the Civil Rights Act of 1964. Currently pending before the Court is Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment ("Motion to Dismiss"). Doc. No. 8. For the reasons articulated below, the Court **GRANTS** Defendant's motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Thanh Tan Nguyen ("Nguyen" or "Plaintiff") was an employee of the United States Postal Service and was stationed at the Westlake Post Office in Bethesda, MD. Over the course of his employment, Nguyen was given a series of "no time off" suspensions for violating office policies. *See, e.g.*, Doc. No. 4-4 at 2. Defendant generally alleged that Nguyen missed scan checkpoints on his mail route on multiple occasions. On June 15, 2012, Defendant sent Nguyen a

1

letter of removal informing him that it was terminating him in 30 days. Nguyen's removal became effective on July 15, 2012. Doc. No. 4-2 at 1.

Nguyen, a 58-year-old Vietnamese-American, alleges that his firing resulted from age discrimination, racial discrimination, and retaliation for previous EEO filings. After Nguyen received his notice of removal, his union, the National Association of Letter Carriers, requested an Informal Step A Meeting and filed a grievance on Nguyen's behalf. Doc. No. 4-1. The grievance went through a series of appeals, and ultimately terminated on December 10, 2012. On or around this date, the Regular Arbitration Panel upheld Nguyen's termination. Doc. No. 4-7 at 2. Nguyen subsequently made first contact with an EEO counselor on December 21, 2012. He then filed a formal EEO complaint on January 25, 2013, which was accepted for investigation on February 14, 2013. Doc. No. 4-2. Nguyen requested a hearing with the EEOC on February 20, 2013 regarding his pending EEO complaint. Doc. No. 8-2. The EEOC, however, declined to consider his request for a hearing. The EEOC concluded that it was "premature" because 180 days had not passed since Plaintiff filed his EEO complaint. *Id.* (citing 29 C.F.R. § 1614.108(g)).

On March 15, 2013, Nguyen filed his Complaint in this Court. Doc. No. 2. On June 6, 2013, Defendant filed a Motion to Dismiss. Doc. No. 8. Defendant argues that Nguyen failed to exhaust his administrative remedies prior to filing suit in two ways. First, Defendant alleges that Nguyen failed to consult with an EEO counselor within 45 days of his termination. Second, Defendant alleges that the current EEO investigation is ongoing, and that Nguyen failed to wait the 180 days required by law before filing suit.

**II. STANDARD OF REVIEW**

Generally, "a failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300–01 (4th Cir. 2009) (citation omitted). "Courts may consider materials outside the pleadings to determine whether they have subject matter jurisdiction." *Bennett v. Kaiser Permanente*, Civil Action No. 10–CV–2505 AW, 2013 WL 1149920, at *2–3 (D. Md. Mar. 20, 2013) (citation omitted). Although the Fourth Circuit has held that the failure of a federal employee to timely contact an EEO counselor does not, per se, deprive courts of subject matter jurisdiction, the issue is still whether the employee has exhausted administrative remedies. *See Zografov v. V.A. Medical Ctr.*, 779 F.2d 967, 969–70 (4th Cir. 1985). "Motions to dismiss for failure to exhaust administrative remedies are governed by Fed. R. Civ. P. 12(b)(1) . . . ." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (citation omitted); *Puryear v. Shrader*, Civil No. PJM 11–3640 2013 WL 1833262, at *1 (D. Md. Apr. 30, 2013) (citation omitted).[1] "[I]f the governmental entity challenges jurisdiction under Rule 12(b)(1) . . . the court is free to consider exhibits outside the pleadings to resolve

---

[1] At least one District of Maryland case indicates that courts should treat motions to dismiss for failing to exhaust administrative remedies under Rule 12(b)(6). *Medlock v. Rumsfeld*, 336 F. Supp. 2d 452, 462 n.5 (D. Md. 2002) (citation omitted). The Court need not definitively decide whether it is proper to treat the instant Motion to Dismiss under Rule 12(b)(1) because the Court would grant the Motion under a Rule 12(b)(6) analysis. Plaintiff himself submitted essentially all the documents on which the Court relies to grant the Motion and the documents are integral to his ambiguous, pro se form Complaint. *See, e.g.*, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citation omitted); *see also Jones v. Stafford*, Civil Action No. 8:12–cv–00891–AW, 2012 WL 5882588, at *1 (D. Md. Nov. 20, 2012) (citations omitted) (incorporating the allegations from a pro se plaintiff's memoranda, correspondence, and associated documents into a pleading because the pleading was unclear and deficient).

factual disputes concerning jurisdiction." *Zander v. United States*, 843 F. Supp. 2d 598, 603–04 (D. Md. 2012) (alteration in original) (citation and internal quotations marks omitted).

**III. ANALYSIS**

**A. Plaintiff's Failure to Wait the Required 180 Days**

Defendant asserts that Plaintiff failed to exhaust his administrative remedies by failing to wait for 180 days after filing his EEO complaint before filing suit in this Court. The relevant EEOC regulation provides as follows:

> A complainant who has filed an individual complaint, an agent who has filed a class complaint or a claimant who has filed a claim for individual relief pursuant to a class complaint is authorized under title VII, the ADEA and the Rehabilitation Act to file a civil action in an appropriate United States District Court:
>
> (a) Within 90 days of receipt of the final action on an individual or class complaint if no appeal has been filed;
>
> (b) After 180 days from the date of filing an individual or class complaint if an appeal has not been filed and final action has not been taken;
>
> (c) Within 90 days of receipt of the Commission's final decision on an appeal; or
>
> (d) After 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.

29 C.F.R. § 1614.407.

Here, Plaintiff filed his formal EEO complaint on January 25, 2013. Plaintiff has presented no evidence that he has received notice of final action. Hence, Plaintiff may file suit no earlier than July 25, 2013 or thereabouts. However, Plaintiff filed suit on March 15, 2013, and it is still before July 25, 2013. Accordingly, the Court must dismiss Plaintiff's Complaint. *See Puryear*, 2013 WL 1833262, at *2 (citation omitted) ("Because Puryear had not received a decision on her appeal, and because 180 days had not yet elapsed when she filed suit, the Court

did not have jurisdiction over these claims when the suit was filed."); *Avery v. Astrue*, Civil No. WDQ–11–2612, 2012 WL 1554646, at *3 ("Because he did not wait 180 days or for a decision on his appeal, the Court must dismiss this action for lack of subject matter jurisdiction.").

**B. Plaintiff's Failure to Meet with an EEO Counselor Within 45 Days of His Termination**

Alternatively, Defendant argues that the Court must dismiss the instant action because Plaintiff failed to meet with an EEO counselor within 45 days of his termination. Under EEOC regulations, "[a]n aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). This 45 day period is extended if "the individual shows that he or she was not notified of the time limits and was not otherwise aware of them." 29 C.F.R. § 1614.105(a)(2).

Here, Plaintiff alleges a series of discriminatory/retaliatory acts. The latest of these acts occurred on June 15, 2012, when Plaintiff received a letter of removal informing him that Defendant was terminating him in 30 days. Nguyen's removal became effective on July 15, 2012. Construed in the most favorable light, Plaintiff alleges that he did not contact an EEO counselor until December 21, 2012. However, this date falls more than five months after July 15, 2012. Plaintiff does not allege, and the record does not reflect, that Plaintiff contacted an EEO counselor before that time. Although Plaintiff does allege that he participated in Defendant's grievance process, this act is insufficient to toll the 45-day time limit. *Kim v. Potter*, Civil Action No. DKC 09–2973, 2010 WL 2253656, at *5–6 (D. Md. June 2, 2010) (citing *Smith v. Potter*, 445 F.3d 1000, 1007 n.19 (7th Cir. 2006)). Nor has Plaintiff alleged that he was "not notified of the time limits." Accordingly, even if dismissal were improper for failing to wait the required

5

180 days before filing suit, the Court would still properly dismiss Plaintiff's Complaint. Therefore, the Court is compelled to dismiss Nguyen's complaint to the extent that it concerns race and age discrimination. *See, e.g., LaPorte v. Henderson*, 176 F. Supp. 2d 464, 470 (D. Md. 2001) (citing *Zografov*, 779 F.2d at 968–69) ("[S]ince failure to consult with an EEO counselor in a timely fashion represents a failure to timely exhaust administrative remedies, the Court is without jurisdiction to hear the claim.").

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss. A separate Order follows.

| July 12, 2013 | /s/ |
|---|---|
| Date | Alexander Williams, Jr.<br>United States District Judge |